UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES M MCDANIEL,

Plaintiff,

v.                                                    CAUSE NO. 3:26-CV-639-JD-JEM

TROY HERSHBERGER, SICKAFOOSE,
WRIGHT, and ACEVADO,

Defendants.

OPINION AND ORDER

Charles M McDaniel, a prisoner without a lawyer, filed a complaint raising claims about how and why he was disciplined at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McDaniel alleges he was disciplined for consensual sexual activity at the Allen County Jail and punished with the loss of good time as well as other sanctions. He attempts to raise several claims arguing he was improperly punished, but because he lost earned credit time, he cannot proceed on these claims until his disciplinary

proceeding is overturned because finding for him in this case would undermine the disciplinary finding of his guilt. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 13, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

2